IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO T. GAITHER, #344-446 *
Plaintiff
*
v. CIVIL ACTION NO. RWT-08-1464
*
MARYLAND PAROLE COMMISSION,
Defendant *
******

**MEMORANDUM OPINION**

Plaintiff brings this pro se action against the Maryland Parole Commission. He asserts jurisdiction under 42 U.S.C. § 1983. Plaintiff seeks injunctive relief and monetary damages claiming that at his January 23, 2008, at his parole hearing he was recommended for parole, yet the Parole Commissioner denied him parole on February 3, 2008, finding that Plaintiff's crime created years of havoc. Plaintiff states that all crimes create years of havoc and the decision by the Parole Commissioner was based on personal feelings. Paper No. 1. Now pending in this case is a motion to dismiss filed by Defendants. Paper No. 6. Plaintiff has not responded.[1] After review of the record, the court finds a hearing is not necessary. See Local Rule 105.6 (D. Md. 2008).

**1. Factual Background**

Plaintiff is serving two concurrent five year sentences, commencing February 22, 2007, for identify fraud. Paper No. 6, Ex. A, Attachment 1. Plaintiff appeared for his first parole

---

[1][1]Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), on October 27, 2008, Plaintiff was notified that Defendant had filed a dispositive motion, the granting of which could result in the dismissal of this action. Paper No. 7. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. Id.

hearing on January 23, 2008. The hearing officer recommended approving Plaintiff for a delayed parole release for February, 2009, conditioned on four months of work release and a good adjustment record with the Division of Correction. Id., Attachment 3. A Parole Commissioner subsequently disapproved the recommendation recommending instead Plaintiff be refused parole because identify theft is a "very serious matter that creates years of havoc." Id.

Plaintiff's case was automatically reviewed by two parole commissioners for the issuance of a final decision. Id., Attachment 4. On February 3, 2008, the two commissioner disapproved the hearing officer's recommendation and ordered instead Plaintiff be refused parole. The commissioners stated that "Subject is a pattern offender rendering victims of theft and forgery. Subject should serve until his mandatory release date." Id.

## 2. Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest

2

upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

### 3. Analysis

**A.     Eleventh Amendment**

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. See Penhurst State School and Hospital v. Halderman, 465 U. S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. State Gov't Code Ann., § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus plaintiff's complaint against the Maryland Parole Commission, an agency of the State of Maryland, is barred by the Eleventh Amendment.

**C.     Due Process**

To the extent Plaintiff claims he was denied due process during his parole hearing, his claim

fails. In order to state a cognizable claim for denial of due process under the Fifth or Fourteenth Amendments, Plaintiff must identify denial of protected liberty interest. Due process applies when "government action deprives a person of liberty or property." Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz. at 7; see also Sandin v. Conner, 515 U.S. 472 (1995) (early release through parole does not constitute a protected liberty interest); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (Maryland's parole statutes and regulations do not create a legitimate expectation of parole release). In the event a liberty interest is created by statute, due process requires only a hearing and statement of reasons for denial of parole. Greenholtz, 442 U.S. at 7. Without a liberty interest, no process is due. See Henderson v. Simms, 223 F.3d 267, 274-5 (4th Cir. 2000).

Plaintiff was provided a hearing and was advised in writing of the reasons for denial of parole. Plaintiff was advised that due to the nature of his offenses, parole was not recommended. Plaintiff received all the process he was due.

Relief is denied. A separate order shall be entered reflecting the ruling set forth herein.


July 21, 2009                                        /s/
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE